**UNITED STATES of America, Plaintiff–Appellee,**

v.

**James Lopez GUARDADO, Defendant–Appellant.**

No. 01–10588.

D.C. No. CR–99–40174–SBA.

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2002 *.

Decided May 28, 2002.

Before FERNANDEZ, THOMAS and WARDLAW, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Guardado's request for oral argument is denied.

MEMORANDUM **

James Lopez Guardado appeals his 30–month sentence imposed following the district court's revocation of his supervised release term. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Guardado contends that the district court abused its discretion by finding that Guardado committed a "controlled substance offense," a Grade A violation of his supervised release terms. Specifically, Guardado alleges that the court erred because it did not identify the specific evidence it relied upon in finding that his conduct constituted possession of methamphetamine with the intent to distribute. This contention is refuted by the record.

"[A] district court may revoke a defendant's supervised release if it finds by a preponderance of the evidence that the defendant violated a condition of his supervised release." *United States v. Musa,* 220 F.3d 1096, 1100 (9th Cir.), *cert. denied,* 531 U.S. 999, 121 S.Ct. 498, 148 L.Ed.2d 469 (2000); *see also* 18 U.S.C. § 3583(e)(3). If the parties have specific disagreements regarding the sufficiency or accuracy of the evidence, "the record must clearly reflect that the court considered the position of each of the parties and must identify the basis on which the court resolved any disputes at the time of the hearing." *United States v. Sesma–Hernandez,* 253 F.3d 403, 409 (9th Cir.), *cert denied,* —— U.S. ——, 122 S.Ct. 408, 151 L.Ed.2d 310 (2001).

The record contains sufficient evidence that (1) indicates the court considered Guardado's and the government's positions regarding whether Guardado committed a "controlled substance offense," and (2) identifies the basis under which the court

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Circuit Rule 36–3.

found that Guardado possessed methamphetamine with the intent to distribute. *See id.* Accordingly, the district court did not abuse its discretion in concluding that Guardado committed a Grade A "controlled substance offense."

AFFIRMED.